HARRISON BOWMAN *v.* JAMES SINGLETON.

**Sales—Warranty.**

The fact that the purchaser of mules paid their full value, is a circumstance from which the jury may conclude that the seller warranted their soundness.

### APPEAL FROM GARRARD CIRCUIT COURT.

December 19, 1873.

OPINION BY JUDGE LINDSAY:

The only defense set up in the answer in this case, is the breach of an express covenant of warranty that the mules sold were at the time of the sale free from disease. Upon this question the testimony was conflicting. The motion for a new trial, on the ground of newly discovered testimony was properly overruled. The only question this court need pass on is the correctness of the instructions given and refused.

The second instruction asked by appellant was properly refused. The fact that a round price is paid for personal property, is a circumstance from which the jury may in some cases infer a warranty of soundness, but to separate that fact from all others in proof, and thereby attach special importance to it, is improper.

The second instruction given for appellee is incorrect. The fact that it was apparent when the mules were sold and delivered, that they were diseased, is by no means calculated to repel the idea of a warranty. If a round price was paid, and it was evident that the mules were diseased, the jury might very well, in a case like this, where the proof is conflicting, regard these circumstances as tending to show that their soundness was warranted.

The proof as to the condition of the mules was before the jury, and it was for them, and not for the court, to deduce conclusions from the facts established.

For this error the judgment is reversed and the cause remanded for a new trial.

*Dunlap, for appellant.*

*Bradley, for appellee.*